WYTHE (NICKLIN v.). See Case No. 10,-253.

## Case No. 18,120.

### WYTHE et al. v. PALMER.

[3 Sawy. 412.] [1]

Circuit Court, D. Oregon.    Aug. 20, 1875.

CONVEYANCE BY ADMINISTRATOR—AUTHORITY OF COURT—DONATION ACT—TITLE OF SETTLER —EQUITY PLEADING.

1. The probate court of Marion county, in 1856, had no power to authorize an administrator, generally, to convey lands in performance of his intestate's obligations; but only to convey specific premises upon the petition of the person claiming to be entitled thereto.

2. Where a married settler under section 4 of the donation act [9 Stat. 497], has completed the residence and cultivation required by the act, and made proof thereof, he is entitled to a patent for his donation, and may convey the same in fee simple. Per Field, Circuit Justice.

3. Plea to bill in equity may be good in part and bad in part.

In equity.

C. Gardner and Addison C. Gibbs, for complainants.

W. W. Thayer, for defendant.

Before FIELD, Circuit Justice, and DEADY, District Judge.

DEADY, District Judge. This is a suit for the partition of lots 3, 4, 5, 6, 7, and 8, in block 44, in the town of Salem, Marion county. The complainants are citizens of California, and the defendant is a citizen of Oregon.

The bill alleges, in substance, that the premises are a part of the donation claim of William H. Willson, a married settler on the public lands of Oregon, under section 4 of the donation act of September 27, 1850, who died intestate on April 17, 1856, after having "complied with all the requirements of said act," and before the issue of a patent therefor, leaving his wife, Chloe A. Willson, and three children, including the complainant, Laura B. Wythe, surviving him. That upon the death of said Willson, the south half of said donation claim, comprising three hundred and eight acres, which had before been duly set apart to him, was, by virtue of said act and the facts aforesaid, duly vested in said widow and children in equal and undivided parts; and that the complainants, by reason of the premises, are now seised of an undivided one-fourth of the lots aforesaid, and entitled to a partition of them. That the defendant is seised of an undivided three-fourths of said lots derived from the widow and two of the children aforesaid, and has received the rents

and profits of the premises for ten years, for which they pray an account. The defendant not answering the bill, pleads in bar of it, that he is seised in severalty of an estate in fee simple in the premises. That as to 3, 4, 5, 6 and 7 of said lots he derives title thereto by a sufficient conveyance of the date of March 11, 1858, from the Wallamet University to whom said Willson and wife, for a valuable consideration, duly conveyed the same on December 2, 1854, after said Willson had complied with the requirements of said donation act. That as to said lot 8, he derives his title as follows: On March 31, 1855, said Willson and wife, for the sum of one hundred dollars, executed a sealed instrument whereby they bound themselves to make Henry B. Worden a good and sufficient title to said lot 8 within a reasonable time after they should obtain a title from the United States to said donation claim; and that after sundry assignments said instrument was assigned on June 13, 1857, to George K. Shiel. That on May 28. 1856, the probate court of Marion county, duly empowered J. G. Willson and Chloe A. Willson aforesaid, the administrator and administratrix of said William H. Willson, "to convey and transfer lands which the said Willson in his lifetime had obligated himself to convey"; and that in pursuance of said authority, said administrator and administratrix duly conveyed said lot 8 to said Shiel, who afterwards on April 26, 1860, duly conveyed the same to the defendant. That the defendant entered into the possession of said premises in pursuance of said conveyances respectively, and has ever since held the same exclusively and adversely to his sole and separate use.

The plea was argued and taken under advisement by the court. The plea of title in the defendant is bad as to lot 8. The probate court of Marion county had no power to authorize generally the administrators of William A. Willson "to convey and transfer lands which the said Willson in his lifetime had obligated himself to convey," but only to convey specific premises upon the petition of the person claiming to be entitled to such conveyance. See Code Or. 1854, p. 338. Upon any construction, then, of the fourth section of the donation act, the legal title of lot 8 vested in the children and widow upon the decease of the settler, Willson. Whether the defendant is entitled to a conveyance of this title on account of the instrument given by the deceased in his lifetime to Worden, and the subsequent assignment thereof, it is not necessary now to inquire.

As to lots 3, 4, 5, 6 and 7, the question arises, whether, upon the death of a married settler, under section 4 of the donation act, who has completed the residence and cultivation required by the act and made proof thereof, but dies intestate and before a patent issues, his interest in the donation terminates, and the title to the same is vested, by said section, in equal parts in his surviving wife and children, unaffected by any sales or convey-

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

30 Fed. Cas.—49

ances thereof made by him in his lifetime; or, whether said settler, being entitled to a patent upon the completion and proof of his residence and cultivation aforesaid, is not thereafter to be held and considered as a settler who could convey a fee simple in the donation, although he might die before the issue of a patent.

Upon these questions the court being divided, for the purpose of a decision of the case, the Circuit Justice is of the opinion that Willson being entitled to a patent when he conveyed to the Wallamet University, under whom the defendant holds, a decree should be entered dismissing the bill as to those lots, unless the complainant puts the plea in issue and contests the facts stated therein, within a time to be fixed by the court, and in the meantime the point of this disagreement will be stated and certified to by the judges, and entered of record. Rev. St. § 652.

The plea is sustained as to lots 3, 4, 5, 6 and 7, and overruled as to lot 8. A plea to a bill in equity may be good in part and bad in part. Story, Eq. Pl. § 692; French v. Shotwell, 5 Johns. Ch. 562; Kirkpatrick v. White [Case No. 7,850].